# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROLAND STARK,

    Plaintiff

v.

NEVADA BOARD OF PRISON COMMISSIONERS, et al.,

    Defendants

Case No.: 2:18-cv-01314-JAD-GWF

**Order Screening Complaint and Dismissing with Leave to Amend**

Plaintiff Roland Stark brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights to due process and equal protection and against ex post facto laws were violated and that defendants conspired to violate these rights. Because Stark applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that Stark has not alleged facts sufficient to show that a court previously has invalidated the duration of his confinement on the sentences at issue in his complaint, so I dismiss his claims without prejudice and give him until June 28, 2019, to amend his complaint.

## Background

**A.    Plaintiff's factual allegations**[2]

Stark has been an inmate of the Nevada Department of Corrections (NDOC) since before 2007.[3] In February of 2002, Stark was sentenced under a plea agreement for multiple offenses he had committed in 2001 and 2002.[4] In 2005, under another plea agreement, Stark was

---

[1] ECF No. 1.

[2] These facts are taken from the Stark's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 1.

[4] *Id.* at 6–7, 22–23, 26.

sentenced for multiple offenses he committed in 2004 and 2005.[5] He alleges that NRS § 209.4465, which contemplates certain credits in calculating prison sentences, was applied to his sentences incorrectly and that, as a result, his terms of incarceration automatically were extended, causing Stark to overserve his sentences.[6]

**B.     Stark's causes of action**

Based on these factual allegations, Stark sues the Nevada Board of Parole Commissioners, the Nevada Department of Corrections, Governor K. Guinn, Governor B. Sandoval, Director of Corrections Glen Whorton, Director of Corrections Howard Skolnik, Director of Corrections G. Cox, Director of Corrections James Dzurenda, Warden Skomig, Warden Dwight Neven, Warden Brian Williams, Sr., and Associate Warden I. Baca.[7] He alleges that his rights to due process and equal protection and against ex post facto laws were violated and that defendants conspired to violate these rights.[8] He seeks monetary damages and injunctive relief.[9]

## Discussion

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[5] *Id.* at 12, 17, 29.
[6] *Id.* at 6, 12, 18, 23, 27.
[7] ECF No. 1-1 at 1–5.
[8] *Id.* at 6–29.
[9] *Id.* at 33.
[10] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[11] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more than mere labels and conclusions.[16] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

---

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] *Id*.

**B.     Stark's claims are *Heck*-barred as pled.**

In *Heck v. Humphrey*, the United States Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[19] "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."[20] "Thus, when a state prisoner seeks damages in a § 1983 suit," as plaintiff does here, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[21] "If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[22] In short, *Heck* preserves the rule that a successful claim that would necessarily imply the invalidity of a conviction or sentence must be brought by filing a petition for writ of habeas corpus—not as a § 1983 claim—after exhausting appropriate avenues for relief.[23]

Here, for every count, Stark alleges that his terms of incarceration automatically were extended, causing Stark to overserve his sentences.[24] This necessarily implies that the duration

---

[19] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).
[20] *Id*. at 487.
[21] *Id*.
[22] *Id*.
[23] *Muhammad v. Close*, 540 U.S. 749, 750–751 (2004).
[24] *Id.* at 6, 12, 18, 23, 27.

4

of his sentences or terms of confinement were invalid. Therefore, for Stark's § 1983 claims to be cognizable and proceed, he must show that the duration of his confinement previously was invalidated by a court. Stark has failed to do so.

I therefore dismiss all of Stark's claims without prejudice and with leave to amend. If Stark chooses to amend the complaint, for <u>each</u> sentence, he must allege facts showing that a court previously has invalidated the duration of his confinement for that sentence. In addition, for each sentence, Stark should allege whether defendants failed to apply credits to his parole eligibility date, his maximum sentence, or both. Furthermore, to the extent Stark is seeking to obtain a ruling changing the expiration date of his unexpired sentences, he may not do so through a § 1983 action.

## C. Leave to amend

I give Stark leave to amend his complaint to allege facts sufficient to show that, for <u>each</u> sentence for which Stark alleges that he automatically served extra time, a court previously has invalidated the duration of his confinement for that sentence. If Stark chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[25] He should file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Stark must follow the instructions on the form. For each count, he should allege <u>facts</u> sufficient to show what <u>each</u> <u>defendant</u> did to violate his civil rights. **He must file the**

---

[25] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

5

**amended complaint by June 28, 2019.** I defer the decision on his application to proceed *in forma pauperis* [ECF No. 1.] until a later date.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the entire complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he should use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order. **If plaintiff does not file an amended complaint by June 28, 2019, this action will be dismissed without prejudice and closed.**

Dated: May 28, 2019

_____
U.S. District Judge Jennifer Dorsey