|  |  |
|---|---|
| ROLAND STARK, | Case No.: 2:18-cv-01314-JAD-GWF |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| NEVADA BOARD OF PRISON COMMISSIONERS, et al., | |
| Defendants | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Plaintiff Roland Stark brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights to due process and equal protection and against ex post facto laws were violated and that defendants conspired to violate these rights. Upon screening, I found that Stark had not alleged facts sufficient to show that a court previously has invalidated the duration of his confinement on the sentences at issue in his complaint, so I dismissed his claims without prejudice and gave him until June 28, 2019, to amend his complaint. I warned Stark in bold type: "**If plaintiff does not file an amended complaint by June 28, 2019, this action will be dismissed without prejudice and closed.**"[1] That deadline passed without amendment, so I dismiss and close this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] ECF No. 3 at 6 (emphasis original).

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to file an amended complaint will result in dismissal satisfies the consideration-of-alternatives requirement.[6] Stark was warned that his case would be dismissed without prejudice if he failed to file a timely amended complaint, and his failure to amend has left him without any viable claims. So, Stark had adequate warning of this likelihood.

---

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Stark's failure to file an amended complaint by the court-ordered deadline. The motion to proceed *in forma pauperis* **[ECF No. 1] is DENIED** as moot. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: July 16, 2019

_____
U.S. District Judge Jennifer Dorsey